IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**LOIS SHARER and STEVE HUMBER,**           CV 04-1690-BR

    Plaintiffs,                              OPINION AND ORDER

v.

**STATE OF OREGON, PETER
OZANNE, and PETER GARTLAN,**

    Defendants.


**WILLIAM N. LATER**
Steenson, Schumann, Tewksbury, Creighton & Rose, P.C.
815 S.W. Second Avenue
Suite 500
Portland, OR  97204
(503) 221-1792

    Attorneys for Plaintiffs

**HARDY MYERS**
Attorney General
**PATRICIA BRIDGE URQUHART**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 378-6313

    Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss (#3). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

**FACTUAL BACKGROUND**

On a Motion to Dismiss, the Court must take all allegations of material fact as true and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

Plaintiff Lois Sharer was employed by Defendant State of Oregon as a legal assistant from September 1999 until May 2003. Plaintiff Steve Humber was employed by Defendant State of Oregon as an attorney[1] from 1992 to May 2003.

**I. Facts Related to Plaintiff Sharer**

Sharer suffers from post-traumatic stress disorder, anxiety disorder, depression, and agoraphobia. Prior to January 2003, the State accommodated Sharer's disabilities by allowing her to work a flexible schedule. In January 2003, the State hired Defendant Peter Ozanne as the Director of Sharer's agency. Ozanne did not allow Sharer to continue her flexible work

---

[1] In ¶ 7 of their Complaint, Plaintiffs refer Humber as an attorney. In ¶ 19 of the Complaint, Plaintiffs refer to Humber as a computer network administrator.

2 - OPINION AND ORDER

schedule.

In February 2003, Sharer left work early to take care of her son. Defendants Peter Gartlan[2] and Ozanne told Sharer that she could not leave early without permission. Sharer experienced stress from this incident. Sharer's therapist recommended Sharer take time off from work. Thereafter, Sharer took some time off.

On March 17, 2003, Sharer met with Gartlan regarding medical leave. Sharer provided Gartlan with documentation from her therapist and asked Gartlan to approve the time she took off from work as sick leave. Gartlan told Sharer that "she was not eligible." Sharer then informed Gartlan that the State was required to accommodate Sharer's disabilities under the Americans with Disabilities Act. Gartlan merely asked Sharer whether "she intended to sue them and work there at the same time, and told her he'd heard enough for one day." Gartlan refused to sign Sharer's request for "medical leave."

Shortly thereafter, Sharer discovered "defendant had sent an e-mail to all secretarial employees explaining that plaintiff had missed work in order to 'adjust her medications.'" On March 25, 2003, Sharer made a formal request for accommodation. At some point, Defendants approved Sharer's request for medical leave.

Sharer returned to work in early April 2003 and discovered

---

[2] Plaintiffs do not identify Defendant Gartlan's position with the State.

other employees were "shunning her because they had read about her medications and disability." Sharer's counselor recommended several accommodations for Sharer, but Defendants refused to accept the recommendations and requested additional information. On April 10, 2003, Sharer provided the additional information.

On April 14, 2003, Sharer received a written reprimand for failure to provide medical information. Defendants moved Sharer's work station away from the common area and placed her on a probationary work plan that required her to keep closer track of her hours.

On April 30, 2003, Defendants held a pre-dismissal meeting with Sharer. On May 20, 2003, Defendants informed Sharer that her employment was being terminated effective May 27, 2003.

## II. Facts Related to Plaintiff Humber

On March 3, 2003, Gartlan warned Humber regarding Sharer's accommodation requests and told Humber to tell Sharer to "be reasonable." Humber suggested Gartlan should "look more closely at the file because there are ADA issues."

On March 19, 2003, Gartlan met with Humber to notify him that his work performance was not acceptable. On April 7, 2003, Gartlan met with Humber and raised the issue of Humber keeping a gun in his desk. Humber removed the gun from his desk.

On April 7, 2003, Gartlan relieved Humber of his duties as a computer network administrator. On his way out of the meeting

4 - OPINION AND ORDER

with Gartlan, Humber experienced severe chest pain and dizziness. Humber's doctor recommended he take medical leave until May 1, 2003. Defendants granted Humber's request for medical leave.

## PROCEDURAL BACKGROUND

On November 18, 2004, Plaintiffs filed a Complaint alleging Defendants violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112 and 12203, and the Rehabilitation Act, 29 U.S.C. § 794, when they (1) failed to accommodate Sharer's disabilities, (2) terminated Plaintiffs' employment because of Sharer's disability, (3) regarded Sharer as being disabled, (4) terminated Plaintiffs' employment in retaliation for Plaintiffs' assertion of their rights under the ADA, (5) terminated Humber's employment because he was associated with Sharer, and/or (6) terminated Humber's employment for opposing Defendants' unlawful employment acts or practices. Plaintiffs also allege Defendants wrongfully discharged them in retaliation for taking medical leave and for asserting their rights under medical leave laws. Plaintiffs seek damages and prospective injunctive relief.

## STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt

5 - OPINION AND ORDER

that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). A court must limit its review to the contents of the complaint. *Cooper* 137 F.3d at 622. When reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261(internal quotation and citation omitted).

In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the Court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## DISCUSSION

On March 9, 2005, Defendants filed a Motion to Dismiss alleging: (1) Plaintiffs cannot bring a claim under Title I of the ADA against the State of Oregon, (2) Plaintiffs can bring only a claim against the individual Defendants in their official

6 - OPINION AND ORDER

capacities for prospective injunctive relief under Title I of the
ADA, (3) Plaintiffs cannot bring a claim against Defendants
Ozanne and Gartlan under the Rehabilitation Act, and (4) the
Eleventh Amendment bars Plaintiffs from bringing a claim for
common law wrongful discharge in this Court.

On April 8, 2005, Plaintiffs filed a Response in which
Plaintiffs conceded they can bring claims under Title I of the
ADA only against Defendants Ozanne and Gartlan in their official
capacities and only for prospective injunctive relief.
Plaintiffs further conceded they can bring claims under the
Rehabilitation Act only against the State of Oregon. Finally,
Plaintiffs conceded they cannot bring their claims for wrongful
discharge in this Court.

In their Reply, Defendants note Plaintiffs' concessions, and
Defendants assert they intend to file a motion for summary
judgment against Plaintiffs' remaining claims at the close of
discovery.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to
Dismiss (#3) as follows:

1. **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs'
   claims under Title I of the ADA against Ozanne and
   Gartlan except for Plaintiffs' claim for prospective

injunctive relief,

2. **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' claims under Title I of the ADA against the State of Oregon and **DISMISSES** those claims **with prejudice**,

2. **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' claims under the Rehabilitation Act against Ozanne and Gartlan and **DISMISSES** those claims **with prejudice**,

3. **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' claims against all Defendants for wrongful discharge and **DISMISSES** those claims **with prejudice**.

IT IS SO ORDERED.

DATED this 27th day of June, 2005.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

Sharer CV 04-1690 O&O 06-27-05.wpd