IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**LOIS SHARER and STEVE HUMBER,**           04-CV-1690-BR

    Plaintiffs,                              OPINION AND ORDER

v.

**STATE OF OREGON, PETER
OZANNE, and PETER GARTLAN,**

    Defendants.


**STEVE HUMBER**
152 West Bolz Road
Phoenix, OR 97535
(541) 301-5561

    Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**LOREN WILLIAM COLLINS**
**ELIZABETH K. BONUCCI**
Assistant Attorneys General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 378-6313

    Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings (#210). On September 26, 2007, the Court heard oral argument on the Motion; denied Defendants' Motion as to Plaintiff's claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112 and 12203; and took Defendants' Motion under advisement as to Plaintiff's claim under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615.

For the reasons that follow, the Court **GRANTS** Defendants' Motion as to Plaintiff's claim under the Family Medical Leave Act.

## FACTUAL BACKGROUND

In early March 2003, Plaintiff Steve Humber's secretary reported to Defendant Peter Gartlan, Chief Deputy Public Defender, that Humber was not doing his work and was not responding to emails asking him to file requests for extensions of time. According to Defendants, Gartlan reviewed Humber's "tallies" and concluded Humber had an "extraordinary" backlog of cases on his docket. On March 19, 2003, Gartlan met with Humber and expressed concern about his backlog and his low productivity.

After the March 19, 2003, meeting, Gartlan reviewed the office database and learned Humber had filed only two short briefs in thirteen weeks. Gartlan also learned Humber's

attendance was "spotty," he had stopped helping to edit briefs written by other attorneys in the office, and he had neglected his network administrator's duties by failing to back up the OPDS computer system for over six months.

On April 3, 2003, Humber sent an eight-page email to Gartlan and Peter Ozanne, Humber's supervisor, informing them that he and another employee, Lois Sharer, were going to be married and explaining his thoughts as to various employment issues that Sharer was experiencing.[1]

On April 7, 2003, Gartlan met with Humber and placed him on a work plan. At the conclusion of the meeting, Gartlan learned Humber was keeping a gun in his desk at the office. Gartlan asked Humber to remove the gun, and Humber took it to his truck. At 12:15 p.m., Humber telephoned Gartlan and informed him that he was experiencing shortness of breath and heart palpitations and wanted to leave. Gartlan offered to drive Humber "wherever [he] needed to go," but Humber declined the offer and left without assistance. Later the same day, Gartlan discovered "numerous files in [Humber's] office with what appear[ed] to be unanswered requests for information, including some requests from several years ago."

On April 9, 2003, the Oregon Court of Appeals issued an

---

[1] The Court has set out Sharer's work history, issues, and termination in several prior Opinions and, therefore, need not repeat those facts.

order in one of Humber's cases with a cover letter addressed to Ozanne in which the court suggested "a review of your office's handling of this case might be appropriate."

On April 24, 2003, Gartlan dismissed Humber via a letter in which Gartlan stated it was his "strong belief that [Humber] ha[d] severely neglected [his] caseload and employment responsibilities for at least the first three months of 2003 . . . . [Humber's] caseload [was] in terrible condition and need[ed] prompt and intense attention. [Humber had] the highest number of backlog cases in the office."

## PROCEDURAL HISTORY

On November 18, 2004, Sharer and Humber filed a Complaint seeking damages and injunctive relief on the grounds that Defendants violated the ADA; the Rehabilitation Act, 29 U.S.C. § 794; and medical-leave laws when they (1) failed to accommodate Sharer's disabilities, (2) terminated Sharer and Humber's employment because of Sharer's disability, (3) perceived Sharer as being disabled, (4) terminated Sharer and Humber's employment in retaliation for asserting their rights under the ADA, (5) terminated Humber's employment because he was associated with Sharer, and (6) terminated Humber's employment for opposing Defendants' unlawful employment acts or practices. In addition,

Sharer and Humber alleged Defendants wrongfully discharged them in retaliation for taking medical leave and for asserting their rights under medical-leave laws.

On June 27, 2005, the Court granted Defendants' Motion to Dismiss as to (1) Sharer and Humber's claims under the ADA against Ozanne and Gartlan except for their claim for prospective injunctive relief, (2) Sharer and Humber's claims under the ADA against the State of Oregon, (3) Sharer and Humber's claims under the Rehabilitation Act against Ozanne and Gartlan, and (4) Sharer and Humber's claims against all Defendants for wrongful discharge.

On September 2, 2005, Sharer and Humber filed a First Amended Complaint in which they alleged Defendants Ozanne and Gartlan violated the ADA and the State violated the Rehabilitation Act when it (1) failed to accommodate Sharer's disability and (2) terminated Sharer and Humber's employment. Sharer and Humber also alleged Defendants discharged them in retaliation for taking medical leave and for asserting their rights under medical-leave laws in violation of 29 C.F.R. § 825.220.

On March 14, 2006, Defendants filed a motion seeking summary judgment as to Sharer and Humber's claims under the Rehabilitation Act on the ground that the agency that employed Sharer and Humber does not receive federal funds. On June 28,

2006, the Court granted Defendants' Motion.

On August 14, 2006, Sharer and Humber filed a Second Amended Complaint in which they allege (1) Ozanne and Gartlan violated the ADA by terminating Sharer and Humber's employment because of Sharer's disabilities and/or because Humber was associated with Sharer and/or in retaliation against Humber for opposing Defendants' unlawful acts or practices; (2) Defendants discharged Sharer and Humber for asserting their rights under the FMLA; (3) Ozanne and Gartlan deprived Sharer and Humber of their rights to equal protection; (4) Defendants disciplined Humber in retaliation for disclosing unlawful employment practices in violation of Oregon's Whistleblower Statute, Oregon Revised Statutes § 659A.203; and (5) Defendants discharged Sharer in retaliation for her invocation or utilization of procedures available to her pursuant to Oregon Revised Statutes §§ 659A.100-145.

On December 4, 2006, Defendants moved for summary judgment on Sharer and Humber's equal-protection claim, Sharer's FMLA claim, Humber's whistleblower claim, and Sharer's retaliatory-discharge claim. On March 30, 2007, the Court granted Defendants' Motion and noted the only claims remaining for trial at that time were: Sharer's ADA claim against Ozanne and Gartlan, Humber's ADA claim against Ozanne and Gartlan limited to prospective injunctive relief on the grounds that they terminated

6 - OPINION AND ORDER

Humber's employment because he associated with Sharer and/or in retaliation for opposing their unlawful employment practices under the ADA, and Humber's FMLA claim.

On July 11, 2007, the parties filed a stipulated dismissal of Sharer's remaining claim. On August 24, 2007, Defendants filed a Motion for Judgment on the Pleadings as to Humber's remaining FMLA and ADA retaliation claims. On September 26, 2007, the Court heard oral argument on Defendants' Motion, denied it as to Humber's claims under the ADA, and took Defendants' Motion under advisement as to Humber's claim under FMLA.

## **STANDARDS**

Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Pursuant to Rule 12(c), any party may move for judgment on the pleadings after the pleadings are closed. For purposes of such a motion, the court must accept the nonmoving party's allegations as true and view all inferences in a light most favorable to the nonmoving party. *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998)(citations omitted). A judgment on the pleadings is

7 - OPINION AND ORDER

properly granted when, taking all allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *See McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997) (citation omitted). *See also Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003).

## **DISCUSSION**

### I.   **Section 2615(a)(2) Applies.**

In the Pretrial Order, Humber alleges the State discriminated against him for opposing "unlawful acts and/or practices" that Defendants directed at Sharer in violation of FMLA.

FMLA contains three categories of claims. *Bachelder v. Am. West. Airlines, Inc.*, 259 F.3d 1112, 1124-25 (9th Cir. 2001). The first category is comprised of "interference" claims; *i.e.*, claims that an employer has "interfere[d] with, restrain[ed, or den[ied] the exercise of or the attempt to exercise" any right pursuant to FMLA. These kinds of claims are brought properly pursuant to 29 U.S.C. § 2615(a)(1). *Id.* at 1124. The second category is comprised of "opposition" claims; *i.e.*, claims against employers who discharge or "discriminat[e] against any individual for opposing any practice made unlawful by" FMLA. These kinds of claims are properly brought pursuant to

8 - OPINION AND ORDER

§ 2615(a)(2). *Id.* (quoting 29 U.S.C. § 2615(a)(2)). Finally, FMLA allows for retaliation claims based on "discrimination against any individual for instituting or participating in FMLA proceedings or inquiries." Retaliation claims are properly brought under § 2615(b). *Id.*

Although Humber does not specify in the Pretrial Order the section of § 2615 under which he brings his FMLA claim, he does not contend nor does the record reflect that he instituted or participated in a FMLA proceeding or inquiry as required to bring a claim under § 2615(b) or that he attempted to exercise any right under FMLA as required to bring a claim under § 2615(a)(1). In addition, Humber's arguments in his Response to the State's Motion focus solely on § 2615(a)(2). The Court, therefore, concludes Humber intends to bring his FMLA claim under § 2615(a)(2).

**II. An Employee May Bring a Claim under § 2615(a)(2) for Opposing Unlawful Actions against Another Employee**.

The State asserts it is uncertain whether one person may bring a claim under FMLA for opposing an employer's unlawful actions against another person. The State, however, does not provide any authority to support the principle that such a claim is prohibited.

In his Response, Humber cites *Wood v. Handy & Harmon Co.* to support his position. No. 05-CV-532- TCK-FHM, 2006 WL 3228710, at *1 (N.D. Okla. Nov. 6, 2006). In *Wood*, the plaintiff brought

9 - OPINION AND ORDER

an action under FMLA alleging the defendant terminated his employment after the plaintiff opposed the defendant's actions against another employee that, according to the plaintiff, violated FMLA. The court concluded the plaintiff could bring a claim under § 2615(a)(2) under these circumstances.

> The plaintiff in an FMLA retaliation case is typically an employee who took or attempted to take FMLA leave and then suffered an adverse employment action. In this case, Wood alleges that Defendants retaliated against him for "opposing" Defendants' treatment of Carter, another employee. Although no case has been found or cited that applies Section 2615(a)(2) to an action brought by someone other than the employee who invoked FMLA rights, the statutory language itself indicates that an action may be brought by any individual who "opposes" an unlawful practice under the FMLA. In addition, two provisions of the relevant code of regulations indicate that such an action may be brought. See 29 C.F.R. § 825.220(a)(2) and (e). Therefore, although perhaps novel, Wood's invocation of Section 2615(a)(2) is proper.

*Id.*, at *4 n.1. The Court finds the reasoning of the *Wood* court to be persuasive, particularly in light of the broad language of § 2615(a)(2) that provides for claims against employers who discriminate against "*any* individual for opposing any practice made unlawful [by FMLA]."

The Court, therefore, concludes an employee may bring a claim under § 2615(a)(2) for discrimination against another employee in violation of FMLA. Accordingly, the Court declines to grant the State's Motion as to Humber's FMLA claim on this basis.

**III. Humber Has Not Established a Claim under § 2615(a)(2).**

The State also contends Humber's claim fails because he has not identified any unlawful practice by Defendants that he opposed. The State notes the Court has already concluded Sharer did not seek to enforce her rights under FMLA, and, in fact, she repeatedly refused to exercise her FMLA rights. In addition, the record reflects Humber discouraged Sharer from seeking FMLA leave. Humber stated in his eight-page email to Defendants that "Gartlan's insistence that [Sharer's] leave is Family Leave is naive and wrong." According to the State, therefore, even viewing all of the facts alleged by Humber as true, he has not established he opposed any practices by Defendants that were unlawful under FMLA.

In his Response, Humber contends he may bring a claim under § 2615(a)(2) if he reasonably believed he was opposing a practice by Defendants that violated FMLA. As noted, however, the record reflects Humber actually opposed the use of FMLA by Sharer under the circumstances and insisted Sharer's leave was not taken under FMLA.

Humber, nevertheless, contends he believed Defendants were engaging in unlawful employment practices in violation of regulations that apply to FMLA and, in particular, 29 C.F.R. § 825.702(a). That regulation provides in pertinent part:

> Nothing in FMLA modifies or affects any Federal or State law prohibiting discrimination on the basis

11 - OPINION AND ORDER

> of race, religion, color, national origin, sex, age, or disability . . . . FMLA's . . . leave provisions . . . are wholly distinct from the reasonable accommodation obligations of employers covered under the [ADA], employers who receive Federal financial assistance, employers who contract with the Federal government, or the Federal government itself. The purpose of the FMLA is to make leave available to eligible employees and employers within its coverage, and not to limit already existing rights and protection. An employer must therefore provide leave under whichever statutory provision provides the greater rights to employees. When an employer violates both FMLA and a discrimination law, an employee may be able to recover under either or both statutes (double relief may not be awarded for the same loss; when remedies coincide a claimant may be allowed to utilize whichever avenue of relief is desired.

Humber ultimately contends he opposed the State's insistence that Sharer take leave under FMLA when she wanted to take leave under the ADA. Specifically Humber asserts the State violated § 825.702(a) when it insisted Sharer take FMLA leave. In effect, therefore, Humber contends he has established a claim under FMLA for opposing the State's insistence that Sharer take FMLA leave. Humber, however, does not cite any authority that supports the proposition that his alleged opposition under these circumstances constitutes a violation of FMLA nor could the Court find any authority to support that proposition. The Court, therefore, concludes Humber has not established a viable claim under FMLA.

Accordingly, the Court grants Defendants' Motion for Judgment on the Pleadings as to Humber's FMLA claim.

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (#210) as to Humber's FMLA claim.

IT IS SO ORDERED.

DATED this 31st day of October, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge