IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LOIS SHARER and STEVE HUMBER,                    04-CV-1690-BR

          Plaintiffs,                            OPINION AND ORDER

v.

STATE OF OREGON, PETER
OZANNE, and PETER GARTLAN,

          Defendants.


**STEVE HUMBER**
152 West Bolz Road
Phoenix, OR 97535
(541) 301-5561

          Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**LOREN WILLIAM COLLINS**
**ELIZABETH K. BONUCCI**
Assistant Attorneys General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 378-6313

          Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the issue of whether Plaintiff Steve Humber is entitled to a jury trial on his remaining claim for prospective injunctive relief under the Americans with Disabilities Act (ADA).

For the reasons that follow, the Court concludes Humber does not have a right to a jury trial on his remaining claim. Accordingly, Humber's claim will be tried to the Court.

## BACKGROUND

On November 18, 2004, Humber and Lois Sharer filed a Complaint seeking damages and injunctive relief on the grounds that Defendants violated the ADA, 42 U.S.C. §§ 12112 and 12203; the Rehabilitation Act, 29 U.S.C. § 794; and medical-leave laws when they (1) failed to accommodate Sharer's disabilities, (2) terminated Sharer and Humber's employment because of Sharer's disability, (3) perceived Sharer as being disabled, (4) terminated Sharer and Humber's employment in retaliation for asserting their rights under the ADA, (5) terminated Humber's employment because he was associated with Sharer, and (6) terminated Humber's employment for opposing Defendants' unlawful employment acts or practices. In addition, Sharer and Humber alleged Defendants wrongfully discharged them in retaliation for taking medical leave and for asserting their

rights under medical-leave laws.

On June 27, 2005, the Court granted Defendants' Motion to Dismiss as to (1) Sharer and Humber's claims under the ADA against Defendants Peter Ozanne and Peter Gartlan except for their claims for prospective injunctive relief, (2) Sharer and Humber's claims under the ADA against the State of Oregon, (3) Sharer and Humber's claims under the Rehabilitation Act against Ozanne and Gartlan, and (4) Sharer and Humber's claims against all Defendants for wrongful discharge.

On September 2, 2005, Sharer and Humber filed a First Amended Complaint in which they alleged Defendants Ozanne and Gartlan violated the ADA and the State violated the Rehabilitation Act when it (1) failed to accommodate Sharer's disability and (2) terminated Sharer and Humber's employment. Sharer and Humber also alleged Defendants discharged them in retaliation for taking medical leave and for asserting their rights under medical-leave laws in violation of 29 C.F.R. § 825.220.

On March 14, 2006, Defendants filed a motion seeking summary judgment as to Sharer and Humber's claims under the Rehabilitation Act on the ground that the agency that employed Sharer and Humber does not receive federal funds. On June 28, 2006, the Court granted Defendants' Motion.

On August 14, 2006, Sharer and Humber filed a Second Amended

Complaint in which they alleged (1) Ozanne and Gartlan violated the ADA by terminating Sharer and Humber's employment because of Sharer's disabilities and/or because Humber was associated with Sharer and/or in retaliation against Humber for opposing Defendants' unlawful acts or practices; (2) Defendants discharged Sharer and Humber for asserting their rights under the FMLA; (3) Ozanne and Gartlan deprived Sharer and Humber of their rights to equal protection; (4) Defendants disciplined Humber in retaliation for disclosing unlawful employment practices in violation of Oregon's Whistleblower Statute, Oregon Revised Statutes § 659A.203; and (5) Defendants discharged Sharer in retaliation for her invocation or utilization of procedures available to her pursuant to Oregon Revised Statutes §§ 659A.100-145.

On December 4, 2006, Defendants moved for summary judgment on Sharer and Humber's equal-protection claims, Sharer's FMLA claim, Humber's whistleblower claim, and Sharer's retaliatory-discharge claim. On March 30, 2007, the Court granted Defendants' Motion and noted the only claims remaining for trial at that time were: Sharer's ADA claim against Ozanne and Gartlan, Humber's ADA claim against Ozanne and Gartlan limited to prospective injunctive relief on the grounds that they terminated Humber's employment because he associated with Sharer and/or in retaliation for opposing their unlawful employment practices

under the ADA, and Humber's FMLA claim.

On July 11, 2007, the parties filed a stipulated dismissal of Sharer's remaining claim. On August 10, 2007, the parties filed their Pretrial Order in which Humber alleges (1) ADA claim against Ozanne and Gartlan limited to prospective injunctive relief on the grounds that they terminated Humber's employment because he associated with Sharer and/or in retaliation for opposing their unlawful employment practices under the ADA and (2) Defendants discharged Humber for asserting Sharer's rights under the FMLA. Humber seeks prospective injunctive relief of reinstatement on his ADA claim and damages on his FMLA claim.

On August 24, 2007, Defendants filed a Motion for Judgment on the Pleadings as to Humber's remaining FMLA and ADA retaliation claim. On September 26, 2007, the Court heard oral argument on Defendants' Motion and denied it as to Humber's claim under the ADA. At the hearing, Defendants asserted Humber would not be entitled to a jury trial on his claim under the ADA if the Court granted Defendants' Motion as to Humber's FMLA claim because Humber seeks only equitable relief on his ADA claim. The Court directed the parties to brief the issue of whether Humber would have the right to a jury trial if the Court dismissed Humber's FMLA claim.

On October 31, 2007, the Court issued an Opinion and Order granting summary judgment to Defendants as to Humber's FMLA

claim.

<br>

**<u>DISCUSSION</u>**

Federal Rule of Civil Procedure 39(a) provides in pertinent part:

> When trial by jury has been demanded. . ., the
> action shall be designated upon the docket as a
> jury action.  The trial of all issues so demanded
> shall be by jury, unless . . . (2) the court upon
> motion or of its own initiative finds that a right
> of trial by jury of some or all of those issues
> does not exist under the Constitution or statutes
> of the United States.

Defendants assert Humber is not entitled to a jury trial on his ADA claim because he seeks only prospective injunctive relief.  Humber concedes he does not have the right to a jury trial as to whether he should be reinstated, but he contends he has the right to a jury trial on the question of Defendants' liability.

The Ninth Circuit addressed the right to a jury trial under the ADA when only equitable claims remain in *Lutz v. Glendale Union High School*, 403 F.3d 1061 (9th Cir. 2005).  In *Lutz*, the plaintiff alleged, among other things, that the defendant failed to provide her with reasonable accommodation under the ADA and terminated her for exercising her rights under the ADA.  *Id*. at 1063.  The district court tried the plaintiff's claims to a jury and the defendant appealed on the ground that the plaintiff had waived her right to a jury trial.  *Id*.  The Ninth Circuit

6 - OPINION AND ORDER

concluded the plaintiff's complaint "provide[d] sufficient notice
to the court and opposing counsel that she wanted a jury trial on
two issues:  back pay and damages for pain and suffering."  *Id*.
at 1065.  The Ninth Circuit, however, held back pay "is a matter
for resolution by the court, not an issue triable of right by a
jury":

> The Seventh Amendment jury trial right extends
> only to [s]uits at common law, which refers to
> suits in which legal rights are to be ascertained
> and determined, in contradistinction to those
> where equitable rights alone are recognized, and
> equitable remedies are administered. . . .  The
> ADA expressly incorporates the remedies available
> under Title VII of the Civil Rights Act of 1964,
> 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8,
> 2000e-9.  Title VII, in turn, authorizes the
> district court to order such affirmative action as
> may be appropriate, which may include . . .
> reinstatement . . ., with or without back pay
> . . ., or any other equitable relief as the court
> deems appropriate.  The reference to "other
> equitable relief" would make sense only if the
> relief previously described - reinstatement, which
> may be awarded with or without back pay-is itself
> equitable.  Consistent with this language, we have
> held that the award of back pay is an integral
> part of the equitable remedy of reinstatement, and
> must therefore be tried to the court.

*Id*. at 1067 (internal citations and quotations omitted).  The
Ninth Circuit concluded the plaintiff was not entitled to a jury
trial on her back-pay claim because it was an equitable remedy
"to be awarded by the district court in its discretion."  *Id*. at
1069.

Similarly, in *Cherry v. City College of San Francisco*, the
plaintiffs brought an action under the ADA to improve access to

7 - OPINION AND ORDER

the defendant's programs and services.  No. C 04-04981 WHA, 2006
WL 249519, at *1 (N.D. Cal. Jan. 31, 2006).  The court granted
the plaintiffs' motion to amend their complaint to remove their
request for damages, which left only the plaintiffs' requests for
declaratory and injunctive relief.  *Id*.  Pursuant to Federal Rule
of Civil Procedure 39(a)(2), the court then examined whether the
plaintiffs still had the right to a jury trial.  *Id*.  The court
concluded because the only remaining issues were equitable (*i.e.,*
claims for declaratory and injunctive relief), the plaintiffs no
longer had the right to a jury trial, and the matter was to be
tried to the court.  *Id*.

Here, as in *Cherry*, Humber seeks only equitable relief on
his remaining ADA claim.  The Court, therefore, concludes
pursuant to *Lutz* that Humber does not have the right to a jury
trial on his ADA claim, and that claim shall be tried to the
Court.


**CONCLUSION**

For these reasons, the Court concludes Humber does not
have the right to a jury trial on his remaining ADA claim.
Accordingly, Humber's claim will be tried to the Court.

The Court sets the following case management dates:

1.   Pretrial documents are due by Noon, February 11, 2008,

2.   The Pretrial Conference will be held at 1:30 p.m.,

March 3, 2008.

3.     A Court trial not to exceed two days will be held

beginning at 9:00 a.m. on March 18, 2008.

IT IS SO ORDERED.

DATED this 6th day of November, 2007.


                                    /s/ Anna J. Brown

                                    _____
                                    ANNA J. BROWN
                                    United States District Judge