IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LOIS SHARER and STEVE HUMBER,                 04-CV-1690-BR

            Plaintiffs,                       OPINION AND ORDER

v.

STATE OF OREGON, PETER
OZANNE, and PETER GARTLAN,

            Defendants.


**STEVE HUMBER**
152 West Bolz Road
Phoenix, OR 97535
(541) 301-5561

            Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**LOREN WILLIAM COLLINS**
**ELIZABETH K. BONUCCI**
Assistant Attorneys General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 378-6313

            Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Steve Humber's Motion for Reconsideration (#222) of Order on Motion for Judgment on the Pleadings.

For the reasons that follow, the Court **GRANTS** Humber's Motion for Reconsideration, and, having reconsidered the merits of Plaintiff's arguments, the Court **DENIES** Humber's request for the Court to alter or to amend its October 31, 2007, Opinion and Order.

## BACKGROUND

On November 18, 2004, Humber and Lois Sharer filed a Complaint seeking damages and injunctive relief on the grounds that Defendants violated the ADA, 42 U.S.C. §§ 12112 and 12203; the Rehabilitation Act, 29 U.S.C. § 794; and medical-leave laws when they (1) failed to accommodate Sharer's disabilities, (2) terminated Sharer and Humber's employment because of Sharer's disability, (3) perceived Sharer as being disabled, (4) terminated Sharer and Humber's employment in retaliation for asserting their rights under the ADA, (5) terminated Humber's employment because he was associated with Sharer, and (6) terminated Humber's employment for opposing Defendants' unlawful employment acts or practices.  In addition, Sharer and Humber alleged Defendants wrongfully discharged them in

2 - OPINION AND ORDER

retaliation for taking medical leave and for asserting their rights under medical-leave laws.

On June 27, 2005, the Court granted Defendants' Motion to Dismiss as to (1) Sharer and Humber's claims under the ADA against Defendants Peter Ozanne and Peter Gartlan except for their claims for prospective injunctive relief, (2) Sharer and Humber's claims under the ADA against the State of Oregon, (3) Sharer and Humber's claims under the Rehabilitation Act against Ozanne and Gartlan, and (4) Sharer and Humber's claims against all Defendants for wrongful discharge.

On September 2, 2005, Sharer and Humber filed a First Amended Complaint in which they alleged Defendants Ozanne and Gartlan violated the ADA and the State violated the Rehabilitation Act when it (1) failed to accommodate Sharer's disability and (2) terminated Sharer and Humber's employment. Sharer and Humber also alleged Defendants discharged them in retaliation for taking medical leave and for asserting their rights under medical-leave laws in violation of 29 C.F.R. § 825.220.

On March 14, 2006, Defendants filed a motion seeking summary judgment as to Sharer and Humber's claims under the Rehabilitation Act on the ground that the agency that employed Sharer and Humber does not receive federal funds. On June 28, 2006, the Court granted Defendants' Motion.

3 - OPINION AND ORDER

On August 14, 2006, Sharer and Humber filed a Second Amended
Complaint in which they alleged (1) Ozanne and Gartlan violated
the ADA by terminating Sharer and Humber's employment because of
Sharer's disabilities and/or because Humber was associated with
Sharer and/or in retaliation against Humber for opposing
Defendants' unlawful acts or practices; (2) Defendants discharged
Sharer and Humber for asserting their rights under the Family
Medical Leave Act (FMLA), 29 U.S.C. § 2615; (3) Ozanne and
Gartlan deprived Sharer and Humber of their rights to equal
protection; (4) Defendants disciplined Humber in retaliation for
disclosing unlawful employment practices in violation of Oregon's
Whistleblower Statute, Oregon Revised Statutes § 659A.203; and
(5) Defendants discharged Sharer in retaliation for her
invocation or utilization of procedures available to her pursuant
to Oregon Revised Statutes §§ 659A.100-145.

On December 4, 2006, Defendants moved for summary judgment
on Sharer and Humber's equal-protection claims, Sharer's FMLA
claim, Humber's whistleblower claim, and Sharer's retaliatory-
discharge claim. On March 30, 2007, the Court granted
Defendants' Motion and noted the only claims remaining for trial
at that time were Sharer's ADA claim against Ozanne and Gartlan,
Humber's ADA claim against Ozanne and Gartlan limited to
prospective injunctive relief on the grounds that they terminated
Humber's employment because he associated with Sharer and/or in

4 - OPINION AND ORDER

retaliation for opposing their unlawful employment practices
under the ADA, and Humber's FMLA claim.

On July 11, 2007, the parties filed a stipulated dismissal
of Sharer's remaining claim.  On August 10, 2007, the parties
filed their Pretrial Order in which Humber alleges (1) ADA claim
against Ozanne and Gartlan limited to prospective injunctive
relief on the grounds that they terminated Humber's employment
because he associated with Sharer and/or in retaliation for
opposing their unlawful employment practices under the ADA and
(2) Defendants discharged Humber for asserting Sharer's rights
under the FMLA.  Humber seeks prospective injunctive relief of
reinstatement on his ADA claim and damages on his FMLA claim.

On August 24, 2007, Defendants filed a Motion for
Judgment on the Pleadings as to Humber's remaining FMLA and
ADA retaliation claims.  On September 26, 2007, the Court heard
oral argument and denied Defendants' Motion as to Humber's claim
under the ADA.  At the hearing, Defendants asserted Humber would
not be entitled to a jury trial on his claim under the ADA if the
Court granted Defendants' Motion as to Humber's FMLA claim
because Humber seeks only equitable relief on his ADA claim.  The
Court directed the parties to brief the issue as to whether
Humber would have the right to a jury trial if the Court
dismissed Humber's FMLA claim.

5 - OPINION AND ORDER

On October 31, 2007, the Court issued an Opinion and Order granting summary judgment to Defendants as to Humber's FMLA claim.

On November 5, 2007, Humber filed a Motion for Reconsideration of Order on Motion for Judgment on the Pleadings seeking reconsideration of the Court's October 31, 2007, Opinion and Order.

## DISCUSSION

Humber does not raise any new arguments in his Motion for Reconsideration and generally reiterates his previous arguments regarding his claims against Defendants for the alleged violation of his rights under FMLA.  The Court's October 31, 2007, Opinion and Order thoroughly addressed Humber's arguments.  The Court, therefore, declines to amend its October 31, 2007, Opinion and Order.

## CONCLUSION

For these reasons, the Court **GRANTS** Humber's Motion for Reconsideration (#222) and, having reconsidered the merits of Humber's arguments, the Court **DENIES** his request for the Court

6 - OPINION AND ORDER

to alter or to amend its October 31, 2007, Opinion and Order.

IT IS SO ORDERED.

DATED this 20th day of November, 2007.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER